IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DALE SCOTT OLTEN, SR.,
#19985-045                                                                                                          PETITIONER

VS.                                                           CIVIL ACTION NO. 3:18cv204-CWR-FKB

WARDEN UNKNOWN NASH                                          RESPONDENT

**REPORT AND RECOMMENDATION**

This is an action brought pursuant to 28 U.S.C. § 2241 by federal prisoner Dale Scott Olten, Sr., who was incarcerated at the Yazoo City Federal Correctional Complex at the time he filed the case. Petitioner asserts that his sentence was improperly enhanced under the sentencing guidelines. The undersigned recommends that the petition be dismissed.

Olten entered a plea of guilty in the United States District Court for the Western District of Missouri to charges of being a felon in possession of firearms (Count 1) and possessing stolen firearms (Count 2). [19] at 1-2. At the time of his October 28, 2010, sentencing, he had prior state felony convictions for burglary and resisting arrest in California and for burglary in Missouri. *Id.* at 2. The Western District of Missouri sentenced Olten as an "armed career criminal" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), to concurrent sentences of 235 months on Count 1 and 120 months on Count 2. *United States v. Olten*, Crim No. 2:09cr4037-SRB (W.D. Mo. Oct. 28, 2010), ECF No. 27.

Olten has mounted several challenges to his guilty plea and sentence. In an appeal to the Eighth Circuit Court of Appeals, Olten sought to withdraw his guilty plea, but he did not challenge the armed career criminal enhancement. *United States v. Olten*, 411 F. App'x 933 (8th Cir. 2011). The Eighth Circuit affirmed his conviction. *Id.* Olten filed a 28 U.S.C. § 2255

challenge to his sentence in March 2012, arguing that his California felony convictions were not violent felonies under the ACCA, and therefore, the ACCA enhancement was not applicable to him. *See United States v. Olten*, Crim. Action No. 2:09cr4037-SRB (W.D. Mo. Mar. 3, 2012), ECF No. 47. After examining the underlying convictions, Olten's sentencing court denied the motion. *Id.* at ECF No. 48. His requests for a certificate of appealability were denied. *Id.*; *Olten v. United States*, Appeal No. 12-3629 (8th Cir. Mar. 15, 2013).

Thereafter, Olten filed a petition for writ of certiorari before the United States Supreme Court. In November 2013, the Supreme Court granted his petition, vacated his judgment, and remanded his case to the United States Court of Appeals for the Eight Circuit for further consideration based on *Descamps v. United States*, 570 U.S. 254 (2013). *See Olten v. United States*, 134 S. Ct. 639 (2013). On remand, the Eighth Circuit determined that Olten's California burglary convictions should not have been used to enhance his sentence under the ACCA. *See Olten v. United States*, 565 F. App'x 558, 561 (8th Cir. 2014). However, the appellate court reasoned that Olten was not entitled to resentencing under § 2255 because his total sentence of 235 months "'could be reimposed . . . ' by imposing consecutive terms of imprisonment for the two counts of conviction. . . ." *Olten*, 565 F. App'x at 561.

Following the Supreme Court's issuance of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016), Olten petitioned the Eighth Circuit for authorization to file a successive § 2255 habeas application to challenge his sentence. *Olten v. United States*, Appeal No. 16-2307 (8th Cir. May 23, 2016). The government opposed Olten's petition, arguing that the Eighth Circuit had already invalidated his ACCA sentence enhancements in the wake of the *Descamps* decision. *Id.* at ECF No. 4408451 at 4-6. While that

2

petition was pending, Olten filed a second § 2255 petition in his sentencing court. *See Olten v. United States*, Civil Action No. 2:16cv4181-SRB (W.D. Mo. June 27, 2016), ECF No. 1. On July 27, 2016, without discussion, the Eighth Circuit denied Olten's petition for authorization to file a successive habeas application. *Olten*, Appeal No. 16-2307 at ECF No. 4431061. Based on that decision, the Western District of Missouri dismissed Olten's § 2255 petition for lack of jurisdiction on August 3, 2016. *See Olten*, Civil Action No. 2:16cv4181-SRB, ECF No. 9 (W.D. Mo. Aug. 3, 2016). Thereafter, Olten appealed that decision. *See* Appeal No. 17-2591 (8th Cir. 2017). After reviewing the district court file, the Eighth Circuit denied relief and "summarily affirmed" the lower court's decision. *Id.* at ECF No. 4592491 (8th Cir. Oct. 23, 2017).

Olten filed this § 2241 petition in April 2018. In the petition, he argues that the decisions of the Western District of Missouri and the Eighth Circuit on his application to file a successive § 2255 were erroneous because they relied on *Sun Bear v. United States*, 644 F.3d 800 (8th Cir. 2011), a case decided before *Johnson*, 135 S. Ct. at 2551. He argues that after *Johnson*, he is no longer an "armed career criminal," he is "actually innocent" of § 924(e), and, therefore, he can proceed with this § 2241 petition.

Generally, the proper vehicle for challenging a federal conviction or sentence is a motion under 28 U.S.C. § 2255 in the court of conviction, not a § 2241 action in the district of incarceration. *Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997) (errors occurring before or during sentencing should be attacked pursuant to § 2255, not § 2241). Olten argues that he may nevertheless proceed under § 2241 because his claim falls under the "savings clause" exception of § 2255, which allows a prisoner to resort to § 2241 if he establishes that a remedy under § 2255 is inadequate or unavailable. *See* 28 U.S.C. § 2255(e). A remedy is inadequate if a

3

petitioner's claim (1) is based upon a retroactively-applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense and (2) was foreclosed by circuit law at the time when the claim should have been raised in his trial, direct appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Olten argues that he may claim the benefits of the savings clause because his attack on his sentence enhancement is based upon a newly-recognized, retroactively-applicable rule of law found in *Johnson*.

It is well-established in the Fifth Circuit that claims relating to sentence enhancement determinations do not fall within the savings clause and are not cognizable under § 2241. *See, e.g.*, *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2010) (claim that petitioner was actually innocent of career offender enhancement did not satisfy savings clause); *Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005) (claim that sentence was improperly enhanced did not meet requirements of savings clause); *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000) (claim that petitioner was not a career offender under sentencing guidelines did not fall within savings clause). Likewise, Olten's "unsuccessful attempt to receive authorization to file a successive § 2255 motion does not entitle [him] to proceed with the same claim in a § 2241 petition." *Greer v. Shults*, Civil Action No. 3:17cv755-DPJ-FKB, 2017 WL 8788422 at *2 (S.D. Miss. Nov. 15, 2017)(citing *Kinder*, 222 F.3d at 213). Thus, Olten's claim does not meet the requirements of the savings clause, and this court is without jurisdiction to consider the petition.

For these reasons, the undersigned recommends that the petition be dismissed. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within

4

fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 6th day of April, 2020.

/s/ F. Keith Ball  
UNITED STATES MAGISTRATE JUDGE